UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NATHAN CORMIER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:14-CV-208 |
| § | |
| CHET MORRISON § | |
| CONTRACTORS, LLC, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion for Remand. (Doc. No. 11.) On November 4, 2014, the Court issued an Order requesting additional briefing from the parties addressing specific questions related to the Jones Act and to OCSLA. (Doc. No. 16.) Having considered the additional briefing submitted and the applicable law, Plaintiff's Motion for Remand is hereby **GRANTED**.

I.  BACKGROUND

As alleged in the First Amended Petition he filed in state court, Plaintiff worked aboard the vessel INFLUENCE when he sustained serious injuries in the course of his work. (Doc. No. 1, Exh. F at 3.) He was required to undergo surgery and other medical treatment for "severe damage to his head, back, neck, and other parts of his body." (*Id.*) Plaintiff filed suit against his employer and the owners of the INFLUENCE, alleging negligence in the supervision of the crew, maintenance of equipment, and related duties. (*Id.*) Plaintiff brought his claims under the general maritime law of the United States and the Jones Act, 46 U.S.C. §30104. (*Id.* at 2.)

1

Defendant Apache Corporation n/k/a Fieldwood Energy, L.L.C. ("Apache") timely removed the case to federal court with the consent of its co-Defendants. (Doc. No. 1.) On its face, the Notice of Removal states only one ground for federal jurisdiction: that Plaintiff's general maritime claims fall within the scope of the removal statute, 29 U.S.C. §1441(a), as amended in 2011.[1] Apache also attaches to and incorporates Defendants' state court responsive pleadings in its Notice of Removal, including Apache's Special Exceptions and Answer (Exh. G to Doc. No. 1); Defendant Chet Morrison's Motion to Dismiss (Exh. D to Doc. No. 1); and Defendant Seacor Liftboats L.L.C.'s Special Exceptions and Answer (Exh. H to Doc. No. 1). Each of these three documents asserts that Plaintiff has not sufficiently pled his alleged Jones Act status.

Plaintiff filed a Motion to Remand, seeking to return the case to state court. (Doc. No. 11.) He contends that the saving to suitors clause, 28 U.S.C. §1333, prohibits removal of maritime cases based solely on maritime jurisdiction – independent federal question or diversity jurisdiction is required. Plaintiff also argues that, as a Jones Act seaman, his claims are non-removable. *See Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir.1993) ("It is axiomatic that Jones Act suits may not be removed from state court[.]").

In its Response to Plaintiff's Motion (Doc. No. 14), Apache asserted a previously unmentioned ground for federal jurisdiction – namely, that the record establishes that the incident occurred on a platform affixed to the Outer Continental Shelf, giving rise to jurisdiction under the Outer Continental Shelf Lands Act ("OCSLA"). *See* 43 U.S.C. §1349(b)(1) (providing that the "district courts . . . shall have jurisdiction of cases and

---

[1] As discussed below, Plaintiffs cite to a case by another court in this district, *Ryan v. Hercules Offshore, Inc.*, 45 F.Supp.2d 772 (S.D. TX. 2013), for the proposition that the 2011 amendment to the removal statute quietly altered the landscape of federal admiralty jurisdiction.

controversies arising out of, or in connection with . . . any operation conducted on the Outer Continental Shelf. . ."). Plaintiff does not contest Apache's argument that the incident occurred on the Outer Continental Shelf, but rather, argues that Apache's assertion that OCSLA provides federal jurisdiction was not included in the Notice of Removal and therefore is waived.

## II.     LEGAL STANDARD

The federal removal statute provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed." 28 U.S.C. § 1441(a).  The plaintiff in a removed action may challenge the assertion of federal jurisdiction through a motion to remand.  Although a motion to remand is brought by the plaintiff, the removing defendant carries the burden of showing that was proper and that the federal removal court has jurisdiction over the action. *See Carpenter v. Wichita Falls Indep. Sch. Dist.,* 44 F.3d 362, 365 (5th Cir.1995).  Federal removal jurisdiction is to be narrowly construed, with all ambiguities resolved against the existence of jurisdiction and in favor of remand. *See Acuna v. Brown & Root Inc.,* 200 F.3d 335, 339 (5th Cir.2000).

## III.    ANALYSIS

Through its Notice of Removal and its Response to Plaintiff's Motion, Apache puts forward two arguments in favor of federal jurisdiction:  (1) general maritime law, and (2) OCSLA.  In addition, Apache argues that Plaintiff is not a Jones Act seaman and therefore removal is not thwarted by the Jones Act.  The Court will address each basis for federal jurisdiction.

### A. The Removability of General Maritime Claims

The arguments advanced by the parties with regard to the removability of general maritime claims mirror those on either side of a split within the District and the Fifth Circuit. Apache would have this Court follow *Ryan v. Hercules Offshore, Inc.*, 945 F.Supp.2d 772 (S.D. Tex. 2013) (Miller, J.), which held that general maritime claims are removable pursuant to the 2011 clarification of the jurisdictional statute, 28 U.S.C. §1441. However, while Plaintiff's Motion was pending, this Court had the occasion to review the arguments for adopting *Ryan*'s reasoning and came to the conclusion that the 2011 clarification of section 1441 did not alter federal courts' jurisdiction over maritime claims. *Parker v. U.S. Environmental Services, LLC*, 3:14-CV-292, 2014 WL 7338850 (S.D. Tex. Dec. 22, 2014) (Ellison, J.). Following *Parker*, the Court remains unconvinced by *Ryan*.

As discussed at length by this Court in *Parker*, there is little disagreement that, prior to the 2011 amendment of section 1441, maritime claims were not removable without a separate basis for federal jurisdiction. *Parker*, 2014 WL 7338850, at *2 (S.D. Tex. Dec. 22, 2014). *See also Romero v. International Terminal Operating Co.*, 358 U.S. 367-68 (1959); *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991) ("A defendant who desires to remove a maritime action from state court to federal court must establish diversity jurisdiction."); *see also Ryan*, 945 F.Supp.2d at 776 (summarizing *Dutile*). In 2011, Congress revised section 1441, and excised much of the language courts had considered relevant to the removability of maritime claims. In *Ryan*, the court found that, by the revision, Congress had provided federal district courts with original jurisdiction over

admiralty and maritime claims under 28 U.S.C. §1333. *Ryan*, 945 F.Supp.2d at 777. Thus, these cases could be removed.

However, as with Defendants in *Parker*, Apache may not have grasped the import of the saving to suitors clause of section 1333 and its operation independent of section 1441. Section 1333 reads, in relevant part, "[t]he district court shall have original jurisdiction . . . [of] [a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. §1333. The Fifth Circuit has recognized that the saving to suitors clause exempts maritime cases from removal unless defendants can demonstrate a separate jurisdictional grant. *Barker v. Hercules Offshore*, 713 F.3d 208, 219 (5th Cir. 2013) ("Instead, such lawsuits are exempt from removal by the 'saving-to-suitors' clause of the jurisdictional statute governing admiralty claims, and therefore may only be removed when original jurisdiction is based on another jurisdictional grant, such as diversity of citizenship.") (internal citation omitted). When Plaintiff filed this suit in state court, he invoked this exemption. "Without another jurisdictional grant, such as diversity of citizenship or a federal question, the saving to suitors clause prevents the removal of maritime claims filed in state court. This bar exists independent of section 1441, and therefore the recent amendments to section 1441 have no effect." *Parker*, 2014 WL 7338850, at *4 (S.D. Tex. Dec. 22, 2014).

Following *Parker*, this Court continues to disagree with *Ryan* and finds that general maritime claims do not, standing alone, provide a basis for removal to federal court. Apache argues, however, that OCSLA provides a separate basis for federal jurisdiction. It is to this question that the Court now turns.

5

### B. Jurisdiction Under OCSLA

The Plaintiff does not seek relief under the Outer Continental Shelf Land Act ("OCSLA"), 43 U.S.C. § 1331 *et seq.*, nor does OCSLA appear on the face of his Complaint. Under the well-pleaded complaint rule, this typically would be sufficient to avoid federal jurisdiction. The Fifth Circuit has held, however, that the well pleaded complaint rule does not apply to removal under OCSLA. *See Amoco Production Co. v. Sea Robin Pipeline Co.*, 844 F.2d 1202, 1205 (5th Cir.1988) ("In determining federal court jurisdiction, we need not traverse the Serbonian Bog of the well pleaded complaint rule . . . because § 23 of OCSLA [i.e., 43 U.S.C. § 1349(b)(1)] expressly invests jurisdiction in the United States District Courts.") (citation omitted). Thus, it is possible for an action to be removable under OCSLA even though it does not contain a federal claim for relief or reference a question of federal law on its face. *Plains Gas Solutions, LLC v. Tennessee Gas Pipeline Co., LLC*, No. 4:14-cv-472, 2014 WL 4365087, at *2 (S.D. Tex. Sept. 2, 2014).

The hurdle to Apache's argument for OCSLA jurisdiction, however, is not the lack of Plaintiff's pleading of claims under OCSLA, but rather Apache's failure to mention OCSLA in the Notice of Removal. Apache timely removed but argued only that federal jurisdiction exists pursuant to the district court's analysis in *Ryan*. While removal notices are to be construed with some liberality, "Defendants clearly may not remove on grounds not even obliquely referred to in the Notice of Removal." *Hinojosa v. Perez*, 214 F.Supp.2d 703, 707 (S.D. Tex. 2002) (Kazen, J.). *See also New Bethlehem Missionary, Baptist Church v. Church Mut. Ins. Co.*, No. CIV.A. H-09-3901, 2010 WL

936477, at *3 (S.D. Tex. Mar. 11, 2010) (Werlein, J.) (granting Motion to Remand where fraudulent joinder allegation was not stated in Notice of Removal).

Apache seeks to cure the defect in its Notice of Removal by filing an Amended Notice. (Doc. No. 22 at 5 & Exh. C.) The proposed Amended Notice of Removal specifically alleges federal jurisdiction pursuant to OCSLA. (Doc. No. 22, Exh. C at ¶11.) However, the Amended Notice comes too late. Indeed, even if the Court were to construe Apache's Response to Plaintiff's Motion to Remand as properly raising OCSLA as grounds for federal jurisdiction, it would be untimely under the removal statute. 28 U.S.C. §1446(b) (providing that "[t]he notice of removal in a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading"). *See also* 14C CHARLES ALAN WRIGHT, *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3733 (4th ed. 2009) "In most circumstances, however, defendants may not add completely new grounds for removal or furnish missing allegations, even if the court rejects the first-proferred basis of removal[.]"). OCSLA cannot, therefore, serve as the grant of jurisdiction Apache requires to remove this case to federal court and the case must be remanded.

## C. Plaintiff's Jones Act Status

Because the Court has determined that it lacks subject matter jurisdiction over this suit, it need not consider Apache's argument that Plaintiff's Jones Act claim was fraudulently pled.

7

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand (Doc. No. 11) is **GRANTED.**

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas, on this the 5th day of February, 2015.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE